**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LEONARDO MARRERO GARCIA,

Petitioner,

v. No. 1:26-cv-02342-DHU-GJF

FACILITY WARDEN; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, U.S. Attorney General; ACTING DIRECTOR, U.S. Immigration and Customs Enforcement; and MARY DE ANDA-YBARRA, Director, El Paso Field Office, Enforcement and Removal Operations,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Leonardo Marrero Garcia's *pro se* Petition for Writ of Habeas Corpus ("Petition"), where he argues that his prolonged post-removal detention violates the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231, and the Due Process Clause of the Fifth Amendment. Doc. 1 at 6-7, 9, 11-14. Petitioner requests a Writ of Habeas Corpus ordering Respondents to immediately release him. *Id.* at 7.

Respondents have filed a response to the Petition stating that they "are not submitting a factual [d]eclaration or legal brief in opposition" and that they "recognize that the Court may then decide to grant the Petition." Doc. 8 at 1. Respondents further submit that, "if the Court does grant the Petition, the appropriate relief would be an order directing Petitioner's release on conditions to be set by the Department of Homeland Security" ("DHS") under 8 U.S.C. § 1231(a)(3). *Id.*

"Where, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address.'" *Alfaro Herrera v. Baltazar*, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at

*5 (D. Colo. Jan. 13, 2026) (quoting *Series 17-03-615 v. Teva Pharms. USA, Inc.*, 785 F. Supp. 3d 904, 935 (D. Kan. 2025)); *see also C1.G on behalf of C.G. v. Siegfried*, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Accordingly, the Court finds that Respondents' non-opposition to the Petition constitutes a concession that Petitioner is being detained in violation of the INA and the Due Process Clause.

Accordingly, Petitioner's *pro se* Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents release Petitioner from custody within **twenty-four (24) hours** of this Order and subject him to appropriate conditions of supervision under 8 U.S.C. § 1231(a)(3).

**IT IS FURTHER ORDERED** that Respondents file a Notice of Compliance no later than **three (3) days** from this Order confirming Petitioner's timely release. The Court will issue a separate final judgment but retain jurisdiction over the matter to ensure compliance with this Order.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE